IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JAMES A. WARREN | * |
|     Plaintiff | * |
|     v. | *    CIVIL ACTION NO. RDB-07-3183 |
| WAL-MART FRANCHISE MANAGEMENT AND EMPLOYEES | * |
| | * |
|     Defendants | |

\* \* \* \* \*

**MEMORANDUM OPINION**

On November 19, 2007, this Court received for filing Plaintiff's 42 U.S.C. § 1983 civil rights action. Plaintiff, who is currently confined at the Calvert County Detention Center, claims that on October 2, 2007, he was targeted due to his race and wrongfully arrested as a suspect in a theft in progress at a WalMart store in Calvert County, Maryland by a police officer named "Chilbress." (Paper No. 1). He claims slander and Fourth and Fifth Amendment violations and seeks $80,000,000.00 for his "mental anguish." (*Id.*) Because he appears indigent, Plaintiff's motion to proceed *in forma pauperis* shall be granted.

A review of the Maryland state court docket reveals that on October 2, 2007, Plaintiff was charged with theft over $500.00 and the unlawful taking of a motor vehicle. *See State v. Warren*, Criminal No. 1000033588 (District Court for Calvert County). The complainant who filed the charges is an Officer Childress. The charges remain pending.

Plainly, the arrest at issue in this matter involves the charges filed in the preceding state criminal case. Plaintiff's claims are inextricably interwoven with issues of probable cause and the

constitutionality of his arrest and criminal charges. Consequently, this § 1983 complaint for damages shall be summarily dismissed without prejudice. *See Heck v. Humphrey*, 512 U.S. 477 (1994).

Under *Heck*, a § 1983 claimant cannot recover damages for alleged unconstitutional conviction or imprisonment or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, unless he proves that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]  *See Heck*, 512 U.S. at 486-7. Here, Plaintiff's *pro se* damage claims directly relate to the constitutionality of his state arrest and charges and success in this civil rights action would vitiate the legality of his state court criminal proceedings. Thus, his civil rights claims may not proceed under *Heck*. For these reasons, this action shall be dismissed without prejudice. A separate Order follows.

Date:   December 11, 2007

/s/

RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

---

[1] Section 1983 relief does, however, remain available where success in the civil rights suit would not necessarily invalidate the legality of (not previously invalidated) state confinement. *See Wilkinson v. Dotson*, 544 U.S. 74, 80-81 (2005); *Young v. Nickols*, 413 F.3d 416, 418-19 (4th Cir. 2005).